**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

ICEE OMAR ALI, a/k/a Will Parker,
a/k/a Wilbert Lee Parker,

*Defendant-Appellant.*

⎫
⎬
⎭

No. 01-4786

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
Frank W. Bullock, District Judge.
(CR-00-388, CR-00-389, CR-01-47)

Submitted: April 23, 2002

Decided: May 17, 2002

Before MICHAEL and MOTZ, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Louis C. Allen, III, Federal Public Defender, John A. Dusenbury, Jr.,
Assistant Federal Public Defender, Greensboro, North Carolina, for
Appellant. Anna Mills Wagoner, United States Attorney, Lisa B.
Boggs, Assistant United States Attorney, Greensboro, North Carolina,
for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Pursuant to a plea agreement, Icee Omar Ali pled guilty to: (1) two counts of bank robbery with a dangerous weapon (18 U.S.C.A. § 2113(d) (West 2000)), (2) bank robbery (18 U.S.C.A. § 2113(a) (West 2000)), and (3) carrying and using a firearm during a bank robbery (18 U.S.C.A. § 924(c)(1)(A)(ii) (West 2000)). He was sentenced to a total of 312 months imprisonment and five years of supervised release. Ali noted a timely appeal and his counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting there are no meritorious issues for appeal. Ali was informed of his right to file a pro se supplemental brief, and he has not done so.

A review of the record and all transcripts reveals no meritorious grounds for appeal. However, Ali, through counsel, questions the reasoning behind the district court's decision to impose a sentence in the upper end of the guideline range. The probation office recommended that Ali be sentenced to between 188 and 235 months on the robbery charges, with a statutory minimum of seven years to be added on consecutively for the firearms charge. The district court imposed a sentence of 228 months imprisonment on the robbery counts, at the high end of the applicable range, plus the seven-year statutory minimum for the firearm violation. 18 U.S.C.A. § 924(c)(1)(A)(ii).

Ali did not object to the presentence report's calculation and does not challenge its validity on appeal. Moreover, we have recognized that there is no appellate review of a sentence within the properly calculated guideline range. *United States v. Jones*, 18 F.3d 1145, 1150-51 (4th Cir. 1994); *United States v. Porter*, 909 F.2d 789, 794-95 (4th Cir. 1990). Because the sentence imposed by the district court is within the range recommended by the guidelines, and there is no evidence that the district court based this sentence upon an illegal reason, we are without jurisdiction to review it.

We therefore affirm the judgment. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*